IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

KRISHNAN GHOSH,

Plaintiff,

vs.

ABBOTT LABORATORIES, *et al.*,

Defendants.

Case No. 26-cv-00264-DKW-WRP

**ORDER DENYING MOTION FOR RECONSIDERATION**

Two weeks after this case was transferred to the U.S. District Court of Minnesota, Plaintiff Krishnan Ghosh moves for reconsideration, arguing that the Court's September 29, 2026 Transfer Order ("Transfer Order", Dkt. No. 25) "was clear error and manifestly unjust." Dkt. No. 27. For the reasons set forth below, the motion for reconsideration is DENIED.[1]

Initially, the Court assesses whether jurisdiction exists to consider the motion for reconsideration. It does not. This is because the jurisdiction of a "transferor" court, like *this* Court, "terminat[es]" "when the motion is granted and the papers are entered in the transferee court's records." *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987). Here, the motion to transfer was granted, and the papers of this case

[1]The Court assumes the parties' familiarity with the background of this case, as described, in relevant part, in the Transfer Order.

were entered in the District of Minnesota, on September 29, 2026. Dkt. No. 25; *Ghosh v. Abbott Laboratories, et al.*, Case No. 26-cv-4193-NEB-DLM, Dkt. No. 26. Therefore, this Court now lacks jurisdiction over this proceeding, and the motion for reconsideration is MOOT and DENIED as such. *See Conecsus LLC v. Filter Tech. Ltd.*, 2021 WL 4993943, at *1 (D.Or. Oct. 27, 2021) (finding motion for reconsideration moot after the "case has already been transferred…").[2]

Alternatively, the motion for reconsideration is DENIED as meritless. In a circumstance such as this, where reconsideration is sought of an interlocutory order like the Transfer Order, Local Rule 60.1 governs. *Edwards v. Thomas*, 2016 WL 4009967, at *3 (C.D. Cal. May 3, 2016) (citing cases for proposition that an "order granting or denying a motion to transfer venue under 28 U.S.C. section 1404(a) is interlocutory in character….") (quotation marks omitted). Pursuant to Local Rule 60.1, a party may seek reconsideration in three circumstances: (1) discovery of new material facts not previously available, (2) an intervening change in law, or (3) manifest error of law or fact. Here, in light of the arguments made in the motion for reconsideration, Ghosh appears to rely solely on the last of these grounds.[3] None of

[2]In the motion for reconsideration, Ghosh ignores this loss of jurisdiction, except to request that this Court somehow "seek its return" from the District of Minnesota. Dkt. No. 27 at 14. Ghosh cites no authority for the Court to do so, however. Moreover, given that the Court has no jurisdiction, the Court declines to invent a way to "return" the case here.

[3]Specifically, while never pointing to any new facts or an intervening change in the law, on at least two occasions, Ghosh contends that the Transfer Order "was clear error and manifestly unjust."

his arguments, though, evidence a manifest error of law or fact.

First, Ghosh argues that the forum selection clause at issue was unenforceable due to fraud. Dkt. No. 27 at 8-9. The Court, however, addressed this argument in the Transfer Order. Dkt. No. 25 at 5-6. Repeating it is not an appropriate basis for reconsideration. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (concluding that the district court did not abuse its discretion in denying a motion for reconsideration because the court had already "considered and rejected[]" the plaintiffs' arguments); Local Rule 60.1 ("[a] motion may not repeat arguments already made," except to present one of the three permitted grounds set forth above). Further, other than stating, in the argument's heading, that the Transfer Order "was clear error and manifestly unjust[,]" Ghosh fails to provide any explanation for why this is so. Further still, to the extent Ghosh attempts to craft his fraud argument around the findings in the Transfer Order—by tying the same to the actual forum selection clause—this too is not an appropriate use of a motion for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (explaining that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (emphasis in original).

---

Dkt. No. 27 at 8-9.

Second, Ghosh argues that the Court should "reconsider" whether his retaliation claim falls within the scope of the forum selection clause. Dkt. No. 27 at 9-11. As Ghosh should be aware, however, there is a very good reason why the Court did *not* consider the merits of any such argument in the Transfer Order: Ghosh did not assert it in opposing transfer. Dkt. No. 25 at 4-5. His belated attempt to now construct the argument for the first time is, thus, too late. *See Kona Enters.*, 229 F.3d at 890.

Finally, Ghosh argues that "public-interest factors" favor keeping this action in Hawaiʻi. Like fraud, however, this argument was also addressed and rejected in the Transfer Order. Dkt. No. 25 at 6-7. It too is, thus, not an appropriate basis for relief. *See Fuller*, 950 F.2d at 1442. Further, Ghosh again fails to explain how the Court's discussion of this issue in the Transfer Order represented a manifest error of law or fact, as required. Further still, Ghosh ignores the fundamentals of the underlying transfer analysis. As explained in the Transfer Order, there are *five* factors potentially relevant to whether enforcement of a forum selection clause contravenes public policy. Dkt. No. 25 at 6. At most, Ghosh addresses *one* of them, ignoring all the rest. This is, therefore, no reason to reconsider the Transfer Order.

//

For all of the above reasons, the motion for reconsideration, Dkt. No. 27, is DENIED as both moot and meritless.

IT IS SO ORDERED.

Dated: October 16, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge